IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDSEY M. ARNOLD | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-297 |
| | § | JURY TRIAL |
| BAY LTD., A BERRY COMPANY | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE NELVA GONZALES RAMOS:

NOW COMES Defendant, Bay Ltd., a Berry Company, and files this its Original Answer to Plaintiff's Original Complaint on file herein and for such answer would show the Court as follows:

## RESPONSES TO INDIVIDUAL PARAGRAPHS

1. Defendant admits that statement in paragraph 1 of Plaintiff's Original Complaint the named plaintiff is Lindsey Arnold but denies that her middle initial is "A." Defendant lacks information upon which to admit or deny that Plaintiff is a current resident of Corpus Christi, Nueces County, Texas.

2. Defendant admits the statements made in paragraph 2 of Plaintiff's Original Complaint.

3. Without admitting that Plaintiff's claims are true, Defendant admits the allegation made in paragraph 3 of Plaintiff's Original Complaint that this Court has jurisdiction. All remaining allegations in paragraph 3 of Plaintiff's Original Complaint that are not expressly admitted are denied.

4. Defendant denies the allegation in paragraph 4 of Plaintiff's Original Complaint that pursuant to 29 U.S.C. 1132(e)(2) venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division. Without admitting that Plaintiff's claims are true, Defendant recognizes that venue is proper pursuant to 28 U.S.C. 1391.

5. Defendants lacks information upon which to admit or deny that Plaintiff is 24 years old and holds a bachelor's degree in Science/Nutrition from the University of Incarnate Word - San Antonio. Defendant admits that Plaintiff was hired on or about February 18, 2015 as a Helper Multi-Craft at a rate of $20.00 per non-overtime hour worked. Defendant admits that Plaintiff was assigned to work a night shift but denies that the night shift began at 7:00 p.m. and ended at 7:00 a.m. Defendant admits that Plaintiff pulled drawings and made copies of the drawings. All remaining allegations in paragraph 5 of Plaintiff's Original Complaint that are not expressly admitted are denied.

6. Defendant admits that Plaintiff worked in a mobile office trailer located on the Buckeye facility at 1501 Southern Minerals Road in Corpus Christi, Texas. Defendant denies, however, that the office trailer in which she worked was like a mobile home. Defendant denies that the refinery was called the Ventech Refinery. Defendant admits that the job location to which she was assigned was a construction site where a refinery was under construction. All remaining allegations in paragraph 6 of Plaintiff's Original Complaint that are not expressly admitted are denied.

7. Defendant admits that Plaintiff's immediate supervisor was Superintendent Shane Green. Defendant admits that throughout the shift foremen, among others, worked in the trailer. All remaining allegations in paragraph 7 of Plaintiff's Original Complaint that are not expressly admitted are denied.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiff's Original Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Original Complaint.

10. Defendant admits that Superintendent Shane Green was the highest level Bay Ltd. employee

regularly working on the night shift at the Buckeye Refinery construction job site. Defendant denies Plaintiff's allegation that there was no other place for her to report and/or complaint to. All remaining allegations in paragraph 10 of Plaintiff's Original Complaint that are not expressly admitted are denied.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Original Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Original Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Original Complaint.

14. Defendant incorporates herein by reference within its response to Count 1 its responses to paragraphs 1 thru 13, supra, as if fully set forth herein.

15. Defendant admits the allegation contained in paragraph 15 of Plaintiff's Original Complaint that Plaintiff is in a protected class of persons because she is female. Defendant denies, however, that Plaintiff was subjected to any form of gender discrimination, sexual harassment and/or retaliation.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Original Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Original Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Original Complaint. Defendant denies that Plaintiff is entitled to recover the damages, relief and attorney's fees sought.

19. Defendant incorporates herein by reference within its response to Count 2 its responses to paragraphs 1 thru 18, supra, as if fully set forth herein.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Original Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Original Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Original Complaint. Defendant denies that Plaintiff is entitled to recover the damages, relief and attorney's fees sought.

24. The prayer contained in paragraph 24 of Plaintiff's Original Complaint does not require admission or denial. Defendant denies that Plaintiff is entitled to the damages and relief stated in paragraph 24 of Plaintiff's Original Complaint.

## **DEFENSES**

25. Plaintiff's claims are barred due to the existence of a valid and enforceable written agreement to submit to arbitration any claims of discrimination and/or retaliation.

26. Defendant affirmatively pleads that Plaintiff failed to exhaust her administrative remedies by failing to comply with and/or avail herself of Defendant's anti-harassment policies and procedures.

27. Defendant affirmatively pleads that Plaintiff's claims are barred in whole or in part as Defendant's complaint procedure was not utilized and/or exhausted by Plaintiff.

28. Defendant affirmatively pleads that Plaintiff's claims are barred in whole or in part by Plaintiff's unreasonable failure to take advantage of Defendant's available preventative and/or corrective opportunities. Plaintiff did not comply with Defendant's anti-harassment policies and procedures as no report(s) of alleged discrimination and/or alleged retaliation was made to either Defendant's human resources director or safety director.

29. Defendant asserts that employment action taken concerning Plaintiff, if any, was taken for

legitimate, non-discriminatory and non-retaliatory reasons.

30. Defendant alleges that any actions taken concerning Plaintiff were lawful and made in good faith and in compliance with all applicable laws, rules and regulations.

31. Defendant asserts the good faith defense to Plaintiff's claim for punitive damages. Defendant made good faith efforts to comply with the law and the alleged discriminatory and alleged retaliatory conduct by Defendant's employee(s) is contrary to said efforts.

32. Plaintiff may be barred in whole or in part from a recovery of damages due to failure to mitigate her damages.

33. Defendant alleges that Plaintiff's damages, if any, are limited by all applicable statutory damage caps.

34. Defendant reserves the right to assert any additional or affirmative defenses that may become apparent during discovery in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Bay, Ltd., prays that Plaintiff take nothing by her suit, that Defendant be allowed to recover its costs, and that the Court award Defendant such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: *s/Liza Aguilar Wood*
    Liza Aguilar Wood
    *Attorney-in-Charge*
    Southern District ID No. 23222
    State Bar No. 24006741
    James McKibben
    *Of Counsel*
    Southern District ID No. 914
    State Bar No. 13713000
    Megan Kemp

*Of Counsel*
Southern District ID No. 884292
State Bar No. 24060081
**McKIBBEN & VILLARREAL, L.L.P.**
555 N. Carancahua, Ste. 1100
Corpus Christi, Texas 78401-0841
Telephone: 361.882.6611
Facsimile: 361.883.8353

**ATTORNEYS FOR DEFENDANT
BAY, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded, *VIA ELECTRONIC FILING,* to the below listed counsel, in accordance with the Federal Rules of Civil Procedure this 7th day of August, 2015.

**VIA E-FILING**
Jon D. Brooks
BROOKS, L.L.P.
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401

*s/Liza Aguilar Wood*
Liza Aguilar Wood